1  **POMERANTZ LLP**
2  Jordan L. Lurie, State Bar No. 130013
   jllurie@pomlaw.com
3  Ari Y. Basser, State Bar No. 272618
   abasser@pomlaw.com
4  1100 Glendon Avenue, 15th Floor
   Los Angeles, CA 90024
5  Telephone: (310) 432-8492

6  *Attorneys for Plaintiff*
7  *(Specially Appearing)*

8              **UNITED STATES DISTRICT COURT**

9             **NORTHERN DISTRICT OF CALIFORNIA**

10                   **SAN JOSE DIVISION**

11 | SHARI ROSENMAN, individually and on | Case No. 3:21-cv-02108-LHK
   | behalf of all others similarly situated, |
12 |                                     | **CLASS ACTION**
   |               Plaintiff,            |
13 |                                     | **MEMORANDUM OF POINTS AND**
   |                  vs.                | **AUTHORITIES IN SUPPORT OF**
14 |                                     | **PLAINTIFF'S MOTION TO**
   | FACEBOOK, INC., a Delaware corporation | **REMAND**
15 | headquartered in California,        |
   |                                     | Date:          August 12, 2021
16 |               Defendant.            | Time:          1:30 p.m.
   |                                     | Courtroom:     B, Fourth Floor
17 |                                     | Judge:         Hon. Lucy H. Koh

18

19

20

21

22

23

24

25

26

27

28

1

## **<u>TABLE OF CONTENTS</u>**

2
Pages

3   I.    INTRODUCTION AND SUMMARY OF THE ARGUMENT ...................................... 1

4   II.   BACKGROUND .................................................................................................... 2

5   III.  LEGAL STANDARD FOR REMOVAL ................................................................... 2

6   IV.   PLAINTIFF'S ALLEGATIONS .............................................................................. 2

7   V.    NO EXCEPTIONS TO THE "WELL-PLEADED COMPLAINT RULE"
         APPLY TO PLAINTIFF'S COMPLAINT ................................................................. 3

8
         A.  Plaintiff's Claims are Not "Completely Preempted by Federal Law ...................... 5
9
         B.  Plaintiff's Claims are Not "Necessarily Federal in Character" .............................. 6

10
         C.  Plaintiff's Claims do not Depend on "Resolution of a Substantial, Disputed
             Federal Question" .............................................................................................. 8
11

12   VI.  CONCLUSION ........................................................................................... 11
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ARCO Envtl. Remediation, L.L.C. v. Department of Health & Envtl. Quality*,
    213 F.3d 1108, (9th Cir. 2000).................................................................................4, 6

*Central Valley Med. Group, Inc. v. Independent Physician Associates Medical Group, Inc.*,
    2019 U.S. Dist. LEXIS 124388 (E.D. Cal. July 25, 2019)......................................9

*Easton v. Crossland Mortg. Corp.*,
    114 F.3d 979 (9th Cir. 1997)....................................................................................6

*Ethridge v. Harbor House Rest.*,
    861 F.2d 1389 (9th Cir. 1988)..................................................................................5

*Firoozye v. Earthlink Network*,
    153 F. Supp. 2d 1115 (N.D. Cal. 2001) ...................................................................6

*Gaus v. Miles, Inc.*,
    980 F.2d 564 (9th Cir. 1992).....................................................................................2

*Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*,
    545 U.S. 308 (2005)...................................................................................................6

*Hendricks v. Dynegy Power Mktg., Inc.*,
    160 F. Supp. 2d 1155 (S.D. Cal. 2001) .................................................................6, 9

*In re Nat'l Football Leagues Sunday Ticket Antitrust Litig.*,
    2016 WL 1192642 (C.D. Cal. Mar. 28, 2016) .......................................................10

*L.A.M.B. Oxford Mgmt. & Tech. Co. v. Rutkowski*,
    No. 18-CV-02522-LHK, 2018 U.S. Dist. LEXIS 88497 (N.D. Cal. May 25, 2018).........................................................................................................................6

*Lippitt v. Raymond James Fin. Servs. Inc.*,
    340 F.3d 1033 (9th Cir. 2003)...........................................................................*passim*

*Moore-Thomas v. Alaska Airlines, Inc.*,
    553 F.3d 1241 (9th Cir. 2009)...................................................................................2

*Nat'l Credit Reporting Ass'n, Inc.*, 2004 WL 1888769 (N.D. Cal. July 21, 2004)......................11

*Rains v. Criterion Systems, Inc.*,
    80 F.3d 339 (9th Cir. 1996)......................................................................................5

i

*Shamrock Oil & Gas Corp. v. Sheets*,
  313 U.S. 100 (1941) .............................................................................................. 2

*Sullivan v. First Affiliated Sec., Inc.*,
  813 F.2d 1368 (9th Cir. 1987) ............................................................................ 4

*Wise v. Suntrust Mrtgage, Inc.*,
  2011 U.S. Dist. LEXIS 44430 (N.D. Cal. April 18, 2011) ................................ 3, 4

**Statutes**

28 U.S.C. §1441(a) ...................................................................................................... 1

Cal. Bus. & Prof. Code §17200 ............................................................................ 6, 9, 10

California Unfair Competition Law ......................................................................... *passim*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

## I.     INTRODUCTION AND SUMMARY OF THE ARGUMENT

2          Plaintiff Shari Rosenman ("Plaintiff") hereby moves to remand this matter.  While it

3   may be more convenient for Defendant Facebook, Inc. ("Facebook") to have this matter

4   wrapped into the *Klein* consolidated actions already before this Court, this Court lacks

5   jurisdiction over this case, and, therefore, this case must be remanded.

6          Facebook's sole basis for removal is federal question jurisdiction.  Facebook admits in

7   its Notice of Removal of Action Under 28 U.S.C. section 1441(a) (Federal Question) ("Notice")

8   (ECF No. 1), as it must, that the Complaint does not expressly allege a violation of federal

9   antitrust law.  Rather, Facebook contends that Plaintiff has engaged in artful pleading and that

10  Plaintiff's Complaint "requires proving that Facebook acquired and maintained an illegal

11  monopoly, which is exclusively a federal question."  (Notice at 2.)   *See also* Notice at 7 ("The

12  Complaint necessarily raises a federal antitrust issue – whether Facebook is an illegal monopoly

13  – which is actually disputed and substantial, and therefore falls within this Court's original

14  jurisdiction over civil actions arising under federal law.").

15         Facebook is wrong.  Plaintiff's California Unfair Competition Law ("UCL") action is a

16  straightforward state law consumer claim that challenges the substance of Facebook's privacy

17  policies.  Importantly, this action does not require Plaintiff to establish that Facebook violated

18  any federal law in order to prevail on her claims, and Facebook's conduct as alleged by Plaintiff

19  violates the UCL *regardless of whether it represents a violation of federal antitrust law*.

20         The Complaint is not federal in character and does not assert a federal law claim or a

21  violation of any federal law.  Plaintiff's claim does not depend on a finding that Facebook is a

22  "monopoly" or has engaged in "monopolistic conduct."  Plaintiff's right to relief does not

23  depend on resolution of any disputed federal question, and federal law is not essential to her

24  claim.  Under these circumstances, courts repeatedly have found lack of federal question

25  jurisdiction. The issues raised by the *Rosenman* action are purely state law issues and are

26  properly resolved by a State, not a federal, court.

27         Accordingly, this action properly belongs in State court.  Plaintiff's motion to remand

28  should be granted.

## II.   BACKGROUND

This is Plaintiff's second attempt to keep this action where it belongs – in state court. Plaintiff filed her initial Complaint in the Superior Court of the State of California, County of San Mateo on December 14, 2020.  Facebook removed the initial action, primarily on the ground that the Class, as initially defined, allowed for diversity jurisdiction.  Rather than burdening this Court with litigating removal, Plaintiff dismissed the initial Complaint and filed the current action, which carefully limits the Class to California citizens only, thereby precluding diversity jurisdiction.

Even so, on March 25, 2021, Facebook removed the current action, this time solely on the basis of federal question jurisdiction, even though Facebook admits that the Complaint does not expressly allege a violation of federal antitrust law.

## III.   LEGAL STANDARD FOR REMOVAL

In determining whether removal jurisdiction exists, courts construe their jurisdiction narrowly, against removal. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941). Defendant, as the removing party, bears the burden of demonstrating that removal jurisdiction is proper, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc*., 980 F.2d 564, 566 (9th Cir. 1992) (creating a "strong presumption against removal jurisdiction") (citations omitted). Thus, a court should resolve all ambiguity in favor of remand to state court. *Id*. "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus*, 980 F.2d 564, 566.

## IV.   PLAINTIFF'S ALLEGATIONS

This is not an antitrust case.  That ground is already being plowed by the bevy of cases already pending before this Court.  Plaintiff Roseman alleges a different theory entirely: that Facebook promises its users it will protect their data and privacy, only to break those promises and expose consumers to ever worse privacy settings.  ¶1. This is a straightforward state law consumer UCL claim that challenges Facebook's privacy policies.

Page 2

Further, nothing in Plaintiff's Complaint states a federal claim, and Plaintiff has made clear that she wishes to proceed in state court, not federal court. As the Complaint alleges:

> Plaintiff's California state law claims do not allege a violation of any antitrust law or reference a violation of federal antitrust laws.  Plaintiff's claims are not federal in character. Federal law is not an element of Plaintiff's claims and does not create Plaintiff's cause of action, and Plaintiff's claims do not rest on the allegation that Facebook violated any federal law. Plaintiff's right to relief does not depend on resolution of any disputed federal question, and federal law is not essential to her claim.

> The gravamen of Plaintiff's case does not require any finding that Facebook violated any federal law, and Plaintiff will not have to establish that Facebook violated any federal law in order to prevail on her claims.  Plaintiff's claim also does not depend on a finding that Facebook is a "monopoly" or engaged in "monopolistic conduct."  Facebook's conduct is unlawful and violates the UCL regardless of whether it represents a violation of antitrust law. Plaintiff's UCL claim is a standard consumer claim that challenges Facebooks' privacy policies.  Facebook forced consumers to accept ever worse privacy settings and degraded privacy protections, which was unfair, unlawful, or fraudulent under the UCL, and Facebook has been unjustly enriched by that conduct. The issues raised by this action are purely state law issues.

¶¶45-46.

## V.    NO EXCEPTIONS TO THE "WELL-PLEADED COMPLAINT RULE" APPLY TO PLAINTIFF'S COMPLAINT

As this Court has noted, the presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Wise v. Suntrust Mrtgage, Inc.*, 2011 U.S. Dist. LEXIS 44430 (N.D. Cal. April 18, 2011) at * 2 (*citing Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987)). This rule makes the plaintiff the master of her complaint and permits her to avoid federal jurisdiction by relying exclusively on state law.  Ordinarily, therefore, federal question jurisdiction is determined from the face of the plaintiff's complaint. *Wise*, 2011 U.S. Dist. LEXIS 44430 at *2 (*citing Easton v. Crossland Mortg. Corp.*, 114 F.3d 979, 982 (9th Cir. 1997)).  *See also Lippitt v. Raymond James Fin. Servs. Inc*., 340 F.3d 1033, 1041 (9th Cir. 2003), as amended (Sept. 22, 2003) (quoting *Hansen v. Blue Cross of Cal*., 891 F.2d 1384, 1389 (9th Cir. 1989). Facebook admits that Plaintiff's Complaint does not assert a federal claim on its

Page 3

face.   Plaintiff's Complaint alleges only a state law claim and does not reference the federal
statute identified by Facebook.

There are only three exceptions to the "well-pleaded complaint rule" that make removal
appropriate, even if a plaintiff's complaint does not present a federal claim on its face. These
exceptions exist under the "artful pleading doctrine." The "artful pleading doctrine" is a
"corollary to the well-pleaded complaint rule" and provides that while "'the plaintiff is the
master of his own pleadings, he may not avoid federal jurisdiction by omitting from the
complaint allegations of federal law that are essential to the establishment of his claim.'"
*Lippitt, supra,* 340 F.3d at 1041.  Courts should "invoke the [artful pleading] doctrine only in
limited circumstances," however, "'as it raises difficult issues of state and federal relationships
and often yields unsatisfactory results.'" *Sullivan v. First Affiliated Sec., Inc*., 813 F.2d 1368,
1372 (9th Cir. 1987) (quoting *Salverson v. W. States Bankcard Ass'n*, 731 F.2d 1423, 1427 (9th
Cir. 1984)).

As this Court has noted, the "mere need to apply federal law in a state-law claim" does
not "suffice to open the 'arising under' door" to federal jurisdiction" *Wise*, supra, 2011 U.S. Dist.
LEXIS 44430 at *5 (*citing Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*,
545 U.S. 308, 313 (2005). Thus, "the fact that a complaint references federal law, or that the
same facts would provide a basis for a federal claim, without more, does not convert a state law
claim into a federal claim." *Wise*, *supra*, 2011 U.S. Dist. LEXIS 44430 at *5.

Where a complaint does not present a federal cause of action on its face, a court may
exercise removal only under three circumstances: (1) federal law completely preempts state law;
(2) the claim is necessarily federal in character; or (3) the right to relief depends on the
resolution of a substantial, disputed federal question. *Lippitt, supra,* 340 F.3d at 1041-42; see
also *ARCO Envtl. Remediation, L.L.C. v. Department of Health & Envtl. Quality*, 213 F.3d
1108, at 1114 (9th Cir. 2000).

"Courts have fashioned a number of proxies to determine whether a state claim depends
on the resolution of a federal question to such an extent as to trigger subject matter
jurisdiction." *Lippitt, supra,* 340 F.3d at 1045.  In evaluating whether jurisdiction exists, a court

Page 4

must determine if the federal question goes to the gravamen of a plaintiff's claims, or, in other words, "[i]s the federal question 'basic' and 'necessary' as opposed to 'collateral' and 'merely possible'? Is the federal question 'pivotal' as opposed to merely 'incidental'? Is the federal question 'direct and essential' as opposed to 'attenuated?'" *Id.* (internal citations omitted). Nevertheless, "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Id.* at 1040.

Finally, a plaintiff may be able to defeat federal jurisdiction if an "alternative and independent" violation of state antitrust policies is offered as a basis for an unfair competition claim, even if a federal basis is also offered. *See Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 346 (9th Cir. 1996) ("When a claim can be supported by alternative and independent theories— one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim.").

Plaintiff's claims do not fit within any of the exceptions to the "well-pleaded complaint rule," and there is nothing wrongfully "artful" about Plaintiff's pleading.  Further, even if there is a federal basis for holding Facebook accountable for the wrongs asserted by Plaintiff's UCL claim (which there is not), Plaintiff has offered a viable alternative basis –  namely a state law theory based on unfair conduct regarding Facebook's degrading of users' privacy to levels unsustainable when other companies were subject to consumer privacy demands –  further defeating federal question jurisdiction.

### A.       Plaintiff's Claims are Not "Completely Preempted by Federal Law

A claim is completely preempted when "federal law completely preempts state law and provides a federal remedy." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1403 (9th Cir. 1988). In their Notice of Removal, Defendants do not, and cannot in good faith, assert that Plaintiff's claims are "completely preempted" by federal law. (See Notice at p. 1.) This is especially true given that one of Plaintiff's claims is a UCL claim, which is a cause of action that has no federal corollary. *See Lippitt*, *supra,* 340 F.3d at 1036 (stating that the private remedy provided by the UCL is "categorically impossible" in a federal district court). Because Defendants do not assert that Plaintiff's claims are "completely preempted" by federal law, this

exception is not at issue.  If none of plaintiff's claims are preempted, the face of the plaintiff's well-pleaded complaint does not arise under federal law and this Court does not have jurisdiction, compelling remand to state court. See *Firoozye v. Earthlink Network*, 153 F. Supp. 2d 1115, 1121 (N.D. Cal. 2001).

### B.   Plaintiff's Claims are Not "Necessarily Federal in Character"

Facebook asserts that removal is appropriate because "Rosenman's Section 17200 claim is necessarily predicated on alleged violations of federal antitrust law.) . . . ." (See Notice at p. 6.) Facebook suggests that Plaintiff "will necessarily have to establish that Facebook violated federal antitrust law," merely because she references Facebook's monopolistic activity." (*Id*. pp. 6-7.) In essence, Facebook seeks removal because Plaintiff's claims use similar terminology as Sherman Act claims. This, however, is not the standard for determining whether Plaintiff's claims are "necessarily federal in character."

A claim is "necessarily federal in character when it falls within the express terms of a statute granting federal courts exclusive jurisdiction over the subject matter of the claim." *Hendricks v. Dynegy Power Mktg., Inc*., 160 F. Supp. 2d 1155, 1161 (S.D. Cal. 2001). Mere reference to, or mention of, a federal statute—which is absent here—is not enough to trigger the exception. See *L.A.M.B. Oxford Mgmt. & Tech. Co. v. Rutkowski*, No. 18-CV-02522-LHK, 2018 U.S. Dist. LEXIS 88497, at *4 (N.D. Cal. May 25, 2018) citing *Grable*, 545 U.S. at 314 (finding that even where a plaintiff mentions a federal law, a state law cause of action may not necessarily raise a federal issue). See *Grable*, 545 U.S. at 314). A plaintiff's claim may include "incidental reference to a federal statute or the U.S. Constitution" without transforming it into a federal one. *Easton v. Crossland Mortg. Corp*., 114 F.3d 979, 982 (9th Cir. 1997). Moreover, a plaintiff's claim may even make "repeated references" to a federal statute without creating a cause of action under that federal statute. See *ARCO*, 213 F.3d at 1113. Here, none of Plaintiff's claims even refer to federal statutes like the plaintiffs' claims in *L.A.M.B.*, *Easton* and *ARCO* did, yet in each of those cases the court nonetheless determined that remand was appropriate.

The court's approach in *Lippitt* is instructive in this case. There, plaintiff sued a number of defendants under the UCL for alleged false advertising with respect to financial instruments

called "callable CDs." *Lippitt*, *supra*, 340 F.3d at 1036. Defendants attempted to remove the case to federal court, arguing the UCL claim was "necessarily federal in character," but the Ninth Circuit disagreed and remanded the case to state court. *Id.* at 1036, 1046. The court held that while the alleged misconduct discussed in plaintiff's complaint "overlap[ped] with conduct that was likewise proscribed by [federal law,]" plaintiff was attempting only to enforce state, not federal, law. *Id.* at 1037. The court stated, "[e]nforcement is the key word here. [Plaintiff] seeks only to enforce the state law. He seeks no enforcement of any [federal law]. *Id.* The court further held that the complaint's repeated references to federal agencies, issues, and actions were "not enough to confer federal question jurisdiction." *Id.* at 1040-41.

Applying *Lippitt*, Plaintiff seeks only to enforce California state laws. See Complaint ¶¶45-46, 49, 68. ("All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law.") Nowhere in the Complaint does she allege or reference any request or intent to enforce any federal law. Even if the Complaint could be construed to allege conduct that may be "likewise proscribed" by the Sherman Act, *Lippitt* makes clear that such overlap is not enough to support removal to federal court. *Id.* at 1037. As evidenced throughout the Complaint, Plaintiff's UCL and unjust enrichment claims have the specific goal of protecting California consumers from Facebooks unfair and unlawful business practices; that this goal may also comport with the broader regulatory goals of the Sherman Act "is not enough to sweep [Plaintiff's claims] within [its] exclusive jurisdictional ambit." *Id.* at 1044.

Finally, Plaintiff's supposed use of terms such as "monopoly" and "monopoly power" does not automatically "federalize" Plaintiff's claims, as Facebook seems to suggest. Contrary to Facebook's assertion (Notice at 6), Plaintiff nowhere alleges that "Facebook has an illegal monopoly." Moreover, Plaintiff's Complaint can mention or refer to "anticompetitive acts" or competition" without grounding her claims in federal antitrust law because the UCL specifically seeks to proscribe anticompetitive conduct, which is broadly defined under the UCL to include any unlawful, unfair, or deceptive conduct that is injurious to consumers, Plaintiff's UCL claim it is not predicated on any monopolistic conduct. Plaintiff's UCL claim is a consumer protection

1   claim that purely challenges the fact that Facebook infringed on and degraded consumer

2   privacy.

3       Again, *Lippitt* dealt with a nearly identical issue and rejected defendants' removal

4   attempt.

5       **C.     Plaintiff's Claims do not Depend on "Resolution of a Substantial, Disputed**
        **Federal Question"**

6

7       A state law claim falls within this second category when: (1) "a substantial, disputed

8   question of federal law is a *necessary* element of . . . the well-pleaded state claim," or the claim

9   is an "inherently federal claim" articulated in state-law terms or (2) "the right to relief depends

10  on the resolution of a substantial, disputed federal question." *Lippitt, supra*, 340 F. 3d at 1041

11  (internal citations omitted) (emphasis in original).  A careful reading of artful pleading cases

12  shows that no specific recipe exists for a court to alchemize a state claim into a federal claim – a

13  court must look at a complex group of factors in any particular case to decide whether a state

14  claim actually "arises" under federal law. *Id*.

15      Here, federal law is not a necessary element of Plaintiff's claim, and Plaintiff does not

16  have to rely on a violation of the Sherman Act to bring a UCL claim in state.  Plaintiff's

17  allegations of unfair conduct do not require a finding that Facebook has violated antitrust laws.

18      Critically, Plaintiff's allegations would survive, and would not fail as a matter of law, if

19  the Court were to disregard the supposed allegations regarding Facebook's monopoly position.

20  That is because Plaintiff's theory does not rest on a finding that Facebook is a monopoly.

21      Plaintiff need only show that Facebook's conduct is unfair as alleged in the Complaint in

22  that Facebook engages and has engaged in a systematic business practice of successfully

23  degrading its users' privacy to levels unsustainable when other competitors were subject to

24  consumer privacy demands. ¶67.  As the Complaint alleges, "Facebook's conduct has caused

25  consumers to suffer and to continue to suffer substantial economic injury through the

26  degradation of their privacy.  Consumers give up something of material value when agreeing to

27  Facebook's Terms of Service: personal information and privacy. That information and attention

28  is then sold by Facebook in measurable units to advertisers in exchange for substantial amounts

Page 8

of money. Consumers thus give up valuable consideration in using Facebook pursuant to Facebook's Terms of Service." ¶68.

Plaintiff's UCL claim is a consumer protection claim that challenges the methods used by Facebook to infringe on consumer privacy. Plaintiff's unfair claim is based on state law theories and is independent of any federal statutory basis. It does not depend on any violation of antitrust law or require establishing a violation of federal antitrust law. There is no "basic" or "pivotal" federal question that impinges on her right to relief.

The Ninth Circuit reached a similar conclusion in *Lippitt*. In *Lippitt*, plaintiff brought claims under §17200 of the UCL. *Lippitt*, *supra*, 340 F.3d at 1043. The court noted that, although plaintiff's UCL §17200 claim could succeed based on a violation of federal law— there, the 1934 Securities Exchange Act—his allegations that the conduct was *unfair* under §17200—a proposition that can be shown by conduct that is less than unlawful—precluded removal. *Id.* The court noted that, "[i]f a plaintiff can support his claim with 'alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach.'" *Id.* (quoting *Rains*, 80 F.3d at 346). The court held that because UCL §17200, by its very nature, allows the violation to rest on alternative theories-unfair, unlawful, or fraudulent conduct-federal subject-matter jurisdiction had not attached. *Id.*

*Hendricks* likewise involved a UCL §17200 claim based on both unfair and unlawful business practices. 160 F. Supp. 2d at 1164-65. The court noted, "'To bring a case within the [federal-question removal] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action.'" *Id.* at 1162-63 (quoting *Gully v. First Nat'l. Bank in Meridian*, 299 U.S. 109, 112 (1936).

*Central Valley Med. Group, Inc. v. Independent Physician Associates Medical Group, Inc.*, 2019 U.S. Dist. LEXIS 124388 (E.D. Cal. July 25, 2019) is also instructive. In that case, Plaintiff's initial complaint made *explicit* refences to federal antitrust law. After the action was removed, Plaintiff amended the Complaint to remove the references to federal antitrust law and instead pleaded as the necessary predicate violation for the UCL unfair business practices claim

that defendant's conduct "offends the policies of free competition and free trade, and significantly threatens or harms competition." *Id*. at \*8. The court held that that there was no federal question jurisdiction. The court reasoned that "a violation of the unfair prong may be based on conduct that 'significantly threatens or harms competition,' regardless of whether it represents an actual or incipient violation of an antitrust law." *Id*. at \*8. The court held that plaintiff could establish an unfair claim under the UCL by alleging conduct that harms or threatens competition, separate and apart from antitrust allegations. *Id*. at \*12-13. Similarly, here, since Plaintiff Rosenman can support her claims with alternative and independent theories – one of which is a state law theory that does not depend on federal law theory – federal question jurisdiction does not attach.

Simply put, to prevail on her UCL claim, Plaintiff need only show that Facebook engaged in "any unlawful, unfair, or fraudulent business act or practice," or made material misrepresentations or omissions with respect to its data privacy practices and commercial surveillance. Cal. Bus. & Prof. Code §17200. As stated above, Rosenman need not depend on a violation of federal law to bring her UCL claim. There is no "basic" or "pivotal" federal question that impinges on her right to relief. Plaintiff's unjust enrichment claim can similarly succeed on the theory that Facebook's conduct of forcing consumers to accept ever worse privacy settings and degraded privacy protections was unfair, unlawful, or fraudulent under the UCL, and that Facebook has been unjustly enriched by that conduct, which is a purely state law issue.

None of the cases cited by Facebook in its Notice of Removal compel the Court to retain jurisdiction. Indeed, Facebook's citations to *In re Nat'l Football Leagues Sunday Ticket Antitrust Litig.* and *Nat'l Credit Reporting Ass'n, Inc.* are entirely inapposite. Liability under the UCL in those cases entirely relied on defendants' alleged abuse of their monopoly position and charging unreasonably high, supra-competitive prices. Plaintiffs in those cases either failed to allege conduct that threatened competition *regardless* of whether it represented an actual or incipient violation of an antitrust law, or specifically referenced defendants' violations of federal antitrust laws in the complaint. See *In re Nat'l Football Leagues Sunday Ticket Antitrust Litig.*,

Page 10

2016 WL 1192642, at *5 (C.D. Cal. Mar. 28, 2016) (finding remand inappropriate where defendants' alleged "abuse of its monopoly position" and charging "supra-competitive prices" depended on defendants' actual or incipient violation of a federal antitrust law); see also *Nat'l Credit Reporting Ass'n, Inc.*, 2004 WL 1888769, at *4 (N.D. Cal. July 21, 2004) (finding remand inappropriate where plaintiff specifically referenced a violation of federal antitrust laws in the complaint despite asserting a single state-law claim).

In contrast, Plaintiff Rosenman's UCL claim does not depend on a violation of federal antitrust law, and is independent of a federal antitrust theory.

## VI.   CONCLUSION

For the foregoing reasons, Plaintiff primarily respectfully requests that this court remand this action back to the San Mateo County Superior Court

Dated: April 26, 2021                    Respectfully submitted,

**POMERANTZ LLP**

By: _____/s/ Ari Y. Basser_____
Jordan L. Lurie
Ari Y. Basser

*Attorneys for Plaintiff*