1  **POMERANTZ LLP**
   Jordan L. Lurie, State Bar No. 130013
2  jllurie@pomlaw.com
   Ari Y. Basser, State Bar No. 272618
3  abasser@pomlaw.com
   1100 Glendon Avenue, 15th Floor
4  Los Angeles, CA 90024
   Telephone: (310) 432-8492
5

6  *Attorneys for Plaintiff*
   *(Specially Appearing)*
7

8               **UNITED STATES DISTRICT COURT**

9              **NORTHERN DISTRICT OF CALIFORNIA**

10                      **SAN JOSE DIVISION**

11 | SHARI ROSENMAN, individually and on behalf of all others similarly situated, | Case No. 3:21-cv-02108-LHK |

12 | | **CLASS ACTION** |

13 | Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND** |

14 | vs. | |

15 | FACEBOOK, INC., a Delaware corporation headquartered in California, | |

16 | Defendant. | Date: August 12, 2021
Time: 1:30 p.m.
Courtroom: 8
Judge: Hon. Lucy H. Koh |

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND

The issue to be resolved by this Motion is whether this federal Court has jurisdiction over the claims that Plaintiff has pled.  It does not.  Despite Facebook's legal gymnastics - contorting an unfair claim under purely State law into a federal antitrust allegation - Plaintiff's California Unfair Competition Law ("UCL") action is a straightforward state law consumer privacy claim that challenges Facebook's privacy policies.  Critically, this action does not require Plaintiff to establish that Facebook violated any federal law in order to prevail on her claims, and Facebook's conduct as alleged by Plaintiff Rosenman violates the UCL *regardless of whether it represents a violation of federal antitrust law*.

Facebook strains to distinguish *Central Valley Med. Group, Inc. v. Independent Physician Associates Medical group, Inc.*, 2019 U.S. Dist. LEXIS 124338 (E.D. Cal., July 25, 2019) and *Lippitt v. Raymond James Fin. Servs. Inc*., 340 F.3d 1033, 1041 (9th Cir. 2003), which are directly on point.  Facebook also ignores this Court's own holding in *Wise v. Suntrust Mrtgage, Inc.*, 2011 U.S. Dist. LEXIS 44430 at *5 (N.D. Cal, April 18, 2011) that the "mere need to apply federal law in a state-law claim" does not "suffice to open the 'arising under' door" to federal jurisdiction," and "the fact that a complaint references federal law, or that the same facts would provide a basis for a federal claim, without more, does not convert a state law claim into a federal claim."   Plaintiff can, and does, allege an unfair business practice under state law without that practice having to be an antitrust violation.  Further, Plaintiff repeatedly and unambiguously has disclaimed any federal claims (Complaint, ¶¶45-46; Motion at 1).

Under these circumstances, there simply is no federal jurisdiction, and this action should be remanded.

**I.    THIS ACTION BELONGS IN STATE COURT**

Plaintiff has repeatedly sought to prosecute this action in State court because that is where this action belongs.  Facebook is simply wrong in contending that Plaintiff's "theory of relief requires proving that Facebook acquired and maintained an illegal monopoly," and that "Rosenman's claim under the "unfair" prong of the UCL creates federal jurisdiction because it necessarily turns on a disputed and substantial question of federal antitrust law—whether Facebook unlawfully obtained and maintained an illegal monopoly." (Opp at 1, 6).

Page 1

To the contrary, Plaintiff's allegations would survive, and would not fail as a matter of law, if the Court were to disregard the supposed allegations regarding Facebook's monopoly position. That is because Plaintiff's theory does not rest on a finding that Facebook is a monopoly or that Facebook has violated antitrust laws. Plaintiff need only show that Facebook's conduct is unfair as alleged in the Complaint in that Facebook engages and has engaged in a systematic business practice of successfully degrading its users' privacy to levels unsustainable when other competitors were subject to consumer privacy demands. ¶67. Simply put, this claim does not require that Facebook have a monopoly and is not tantamount to a federal antitrust claim. Even "forcing" customers to accept privacy protections, as Facebook characterizes Plaintiff's allegations (Opp. at 13), would still not constitute an antitrust violation.

As Plaintiff has demonstrated in her opening brief, California courts have recognized anticompetitive conduct in violation of the UCL *without* also having to establish violation of the Sherman Act and without a UCL claim necessarily raising a federal question. *Central Valley Med. Group, Inc. v. Independent Physician Associates Medical Group, Inc.*, 2019 U.S. Dist. LEXIS 124388 (E.D. Cal. July 25, 2019) is on point and directly refutes Facebook's argument regarding Plaintiff's allegations. In that case, like here, Plaintiff's initial complaint made explicit refences to federal antitrust law. After the action was removed, Plaintiff amended the Complaint to remove the references to federal antitrust law and instead pleaded, as the necessary predicate violation for the UCL unfair business practices claim, that defendant's conduct "offends the policies of free competition and free trade, and significantly threatens or harms competition." *Id*. at *8.

The court in *Central Valley* held that that there was no federal question jurisdiction, and reasoned that "a violation of the unfair prong may be based on conduct that 'significantly threatens or harms competition,' regardless of whether it represents an actual or incipient violation of an antitrust law." *Id*. at *8. The court also held that a plaintiff could establish an unfair claim under the UCL by alleging conduct that harms or threatens competition, separate and apart from antitrust allegations. *Id*. at *12-13. Similarly, here, since Plaintiff Rosenman can

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND

1  support her claims with alternative and independent theories – one of which is a state law theory
2  that does not depend on federal law theory – federal question jurisdiction does not attach.

3  *Lippitt v. Raymond James Fin. Servs. Inc.*, 340 F.3d 1033 (9th Cir. 2003), as amended
4  (Sept. 22, 2003) is equally compelling. Defendants in that case attempted to remove the action
5  to federal court, arguing the UCL claim was "necessarily federal in character," but the Ninth
6  Circuit disagreed and remanded the case to state court. *Id*. at 1036, 1046. The Ninth Circuit held
7  that while the alleged misconduct discussed in plaintiff's complaint "overlap[ped] with conduct
8  that was likewise proscribed by [federal law,]" plaintiff was attempting only to enforce state, not
9  federal, law. *Id*. at 1037. The Court stated, "[e]nforcement is the key word here. [Plaintiff] seeks
10 only to enforce the state law. He seeks no enforcement of any [federal law]." *Id*. The Court
11 further held that the Complaint's repeated references to federal agencies, issues, and actions
12 were "not enough to confer federal question jurisdiction." *Id*. at 1040-41.

13 Further, the Court noted that, although plaintiff's UCL §17200 claim could succeed
14 based on a violation of federal law— there, the 1934 Securities Exchange Act—his allegations
15 that the conduct was unfair under §17200 precluded removal. The Court noted that, "[i]f a
16 plaintiff can support his claim with 'alternative and independent theories—one of which is a
17 state law theory and one of which is a federal law theory—federal question jurisdiction does not
18 attach.'" *Id*. The Court held that because UCL §17200, by its very nature, allows the violation to
19 rest on alternative theories - unfair, unlawful, or fraudulent conduct - federal subject-matter
20 jurisdiction had not attached. *Id*. See also *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 344
21 (9th Cir. 1996) (finding no removal jurisdiction where complaint relied on federal law to
22 establish a state-law claim for wrongful termination in violation of public policy and same facts
23 could have supported a federal civil rights claim).

24 Finally, as this Court has noted in *Wise, supra*, the scope of the artful pleading doctrine
25 "is limited" for it is "'long-settled . . . that the mere presence of a federal issue in a state cause of
26 action does not automatically confer federal-question jurisdiction.'" *Wise*, 2011 U.S. Dist.
27 LEXIS 44430 at *6 (citing *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 813,
28 106 S. Ct. 3229, 92 L. Ed. 2d 650 (1986)). Citing *Grable & Sons Metal Products, Inc., v. Darue*

Page 3

*Eng'g & Mfg.*, 545 U.S. 308 (2005), this Court stated that the "mere need to apply federal law in a state-law claim" does not "suffice to open the 'arising under' door" to federal jurisdiction" (citation omitted) and "thus, the fact that a complaint references federal law, or that the same facts would provide a basis for a federal claim, without more, does not convert a state law claim into a federal claim." *Wise*, 2011 U.S. Dist. LEXIS 44430 at *6.

As this Court identified in *Wise*, Plaintiff's Complaint "alleges only state law claims and does not even reference the federal statutes identified. . .While some of Plaintiff's allegations might also form the basis for a federal claim, '[t]hat the same facts could have been the basis for a [federal] claim does not make [Plaintiff's state-law] claim into a federal cause of action.'" *Id.* (citing *Rains, supra*, 80 F.3d at 344).  This Court reached a similar conclusion in *L.A.M.B. Oxford Mgmt. & Tech. Co. v. Rutkowsi*, 2018 U.S. Dist. LEXIS 88497, at *4 (N.D. Cal. May 25, 2018) finding that plaintiff "could prove a misappropriation of trade secrets cause of action in a way that entirely avoids [federal law]."  The Court determined that plaintiff's state law claims did not "implicate significant federal issues" under *Grable, supra.*

In this case, as in *Wise and L.A.M.B.*, a state court considering Plaintiff's claims will not necessarily need to determine whether Defendant violated a federal statute.  Rather, the state court will ask whether Plaintiff has adequately pled and proven the elements of state-law UCL claim. Such analysis will not require the state court to resolve substantial questions of federal law. *See also Wright v. Saxon Mortgage Services*, 2011 U.S. Dist. LEXIS 15897 (N.D. Cal. Feb. 9, 2011) (remanding similar state-law claims and rejecting argument that complaint included artfully pled federal claims); *Gaspar v. Wachovia Bank*, No. C 10-3597 SBA, 2010 U.S. Dist. LEXIS 119573 (N.D. Cal. Oct. 26, 2010) (same).

Accordingly, the Court should find that Plaintiff's claims do not require resolution of a substantial, disputed question of federal law and cannot serve as a basis for federal question jurisdiction.

Facebook's assertion that the instant case "is closer" to *In re Nat'l Football Leagues Sunday Ticket Antitrust Litig.* 2016 WL 1192642 (C.D. Cal. Mar 28, 2016) and *Nat'l Credit Reporting Ass'n, Inc.* 2004 WL 1888769 (N.D. Cal. July 21, 2004) (Opp. at 12) is mistaken.  In

those cases, plaintiffs either failed to allege conduct that threatened competition regardless of whether it represented an actual or incipient violation of an antitrust law or specifically referenced defendants' violations of federal antitrust laws in the complaint.  *See In re Nat'l Football Leagues Sunday Ticket Antitrust Litig.*, 2016 WL 1192642, at *5 (finding remand inappropriate where defendants' alleged "abuse of its monopoly position" and charging "supra-competitive prices" depended on defendants' actual or incipient violation of a federal antitrust law); *Nat'l Credit Reporting Ass'n, Inc.*, 2004 WL 1888769, at *4 (finding remand inappropriate where plaintiff specifically referenced a violation of federal antitrust laws in the complaint despite asserting a single state-law claim).

Facebook does not argue for supplemental jurisdiction of Plaintiff's state law claim, and there is none.  As this Court has noted, supplemental jurisdiction requires that the Court have original jurisdiction over at least one other claim.  *See e.g., Britton v. City of Santa Cruz*, 2020 U.D. Dist. LEXIS 129651, at *12 (N.D. Cal. July 22, 2020).   Because there is no such claim, the Court may not exercise supplemental jurisdiction.  Moreover, comity weighs in favor of letting California state courts adjudicate their own unfair competition laws. *Id*., at *14-15.  *See also De La Torre v. CashCall, Inc*., 2019 U.S. Dist. LEXIS 18624, at *17 (N.D. Cal. Feb. 5, 2019) (principles of comity are well-served by allowing the state courts to resolve claims solely of state law); *Barker v. Avila*, 2010 U.S. Dist. LEXIS 91161, at *3 (E.D. Cal. Aug. 11, 2010) (declining to exercise supplemental jurisdiction over remaining UCL claim, finding "primary responsibility for developing and applying state law rests with the state courts.")

///
///
///
///
///
///
///
///

## II. CONCLUSION

While it may be more convenient for Facebook to have this matter wrapped into the *Klein* consolidated actions, this Court lacks jurisdiction over this case.

Dated: June 25, 2021                              Respectfully submitted,

**POMERANTZ LLP**

By:   /s/ Ari Y. Basser
           Jordan L. Lurie
           Ari Y. Basser

*Attorneys for Plaintiff*